IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRIENDS OF THE PARKS, SYLVIA MANN, and JOHN BUENZ, <br><br> Plaintiffs, <br><br> v. <br><br> CHICAGO PARK DISTRICT and CITY OF CHICAGO, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 14-cv-9096 |

## COMPLAINT

### Introduction

1. Plaintiffs Friends of the Parks, et al., seek to bar or enjoin the Chicago Park District and the City of Chicago from authorizing, approving or taking any role in the construction of any new building or development—including the so-called Lucas Museum of Narrative Art—on any property or transferring control of any property that is held solely by the State of Illinois in trust for the public. Under the public trust doctrine recognized in both federal and state courts, such trust property recovered from the waters of Lake Michigan should be set aside and preserved as a natural resource and open space equally available to Illinois citizens for their use and enjoyment and for access to navigation, fishing and commerce on Lake Michigan. Accordingly, these defendants may not build on such property to be held in trust or convey any interest in or right of control of such property to a private organization like the Lucas Museum of Narrative Art, which is likely to be accountable to a single private individual.

2. First, pursuant to 42 U.S.C. § 1983, plaintiffs challenge the right of the local governmental defendants to build on or dispose of such trust property, in which every citizen of the State has an equal beneficial interest, without the consent and authorization of the General

1

Assembly of the State of Illinois. Any such building or conveyance or transfer of control without authority of the General Assembly will diminish or impair the beneficial interest of plaintiffs and other Illinois citizens in such trust property, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

3. Second, pursuant to 42 U.S.C. § 1983, any such new building or conveyance of an interest in such property to the Lucas Museum of Narrative Art creates an arbitrary classification of rights with respect to such trust property, in violation of the Equal Protection Clause of the Fourteenth Amendment. Such classification is especially arbitrary and capricious where it is for the benefit of a private organization likely to be accountable to a single private individual and where it will conflict with the purpose of the trust, namely, to preserve the property as a natural resource and as a free and open space not occupied by a giant building.

4. Third, by acting to build on trust property or convey an interest in or control of such property to a private individual without the authorization of the General Assembly, the local governmental defendants have engaged or will engage in an *ultra vires* act for which they have no authority, notwithstanding that the City is a home rule unit.

5. Fourth, and in the alternative, the local governmental defendants hold title subject to the public trust doctrine and have no legal authority under state law or otherwise to convey any interest in or right of control of such trust property to a private individual or a private organization, or to take any action that impairs the property as a natural resource or pristine physical environment or impairs or interferes with the use and enjoyment of the trust property by plaintiffs and other Illinois citizens as a natural resource and as a free and open space accessible for navigation, fishing, boating, and commercial activities on Lake Michigan.

## Parties

6. Plaintiff Friends of the Parks (FOTP) is a nonprofit park advocacy organization, dedicated to preserving, protecting, and improving Chicago's parks and forest preserves for all citizens.

7. Plaintiff Sylvia Mann is a resident of Illinois.

8. Plaintiff John Buenz is a resident of Illinois.

9. Defendant Chicago Park District is a body politic and corporate established by state law. 70 ILCS 1505/3.

10. Defendant City of Chicago is a body politic and municipal corporation.

## Jurisdiction and Venue

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it arises under the Constitution and laws of the United States and pursuant to 28 U.S.C. § 1343 because it seeks to redress the deprivation under color of State law of constitutional rights. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this district because all of the parties reside in this district and all of the facts giving rise to this action took place in this district.

## Facts

13. On May 16, 2014, the Mayor's Lucas Cultural Arts Museum Site Selection Task Force provided a report to the Mayor recommending the parking lots south of Soldier Field as the site for constructing the proposed Lucas Museum.

14. On May 20, 2014, the Mayor publicly endorsed the recommendation of the Task Force.

15. The new museum will be known as the Lucas Museum of Narrative Art.

16. The new museum will be operated by a non-profit corporation also called the Lucas Museum of Narrative Art (hereinafter "LMNA").

17. On or about September 8, 2014, the Park District entered into a memorandum of understanding ("MOU") with LMNA.

18. The MOU is attached as Exhibit A and incorporated by reference.

19. The stated purpose of the MOU "is to outline the preliminary terms that have been discussed between the Chicago Park District and LMNA regarding the beautification and use of the Museum Site…and the construction, use and operation of the Museum." Ex. A at 2, ¶ G.

20. The MOU states that the museum will be located on the plot of land recommended by the Mayor's Task Force and endorsed by the Mayor:

> The Museum will be located in the Museum Campus in the area generally lying between East Waldr[o]n Drive on the north and the McCormick Place Lakeside Center (East Building) on the south (the "Project Area").

Ex. A at 2, ¶ 1.

21. On the map below, the "Project Area" is outlined by the dotted black line:



22. The "Project Area" is located within Burnham Park and consists entirely of land recovered from the navigable waters of Lake Michigan, most of it during the 1920s.

23. The land encompassed by the "Project Area" is to be held by the State of Illinois as public trust property.

24. At various times the City or the Chicago Park District has claimed to be the owner of the "Project Area."

25. However, under various court decisions, it has been established that the State of Illinois is the exclusive trustee of the "Project Area."

5

26. The Defendants have not described the specific manner in which the property will be conveyed to allow for the construction of the museum, and the MOU does not make this clear either.

27. The museum will be dedicated to the exhibition of "narrative art" that will be selected by the LMNA.

28. The museum may or may not be owned by the City or the Park District.

29. The museum may or may not be owned by LMNA or leased to the LMNA.

30. Whatever the terms of the conveyance, the MOU makes clear that the museum building will be used solely and exclusively by the LMNA for its own purposes and that LMNA will have the exclusive right to occupy, use, maintain, manage, and control the museum building and site. Ex. A at ¶¶ 2 and 10.

31. The MOU states that both the Park District and the City will cooperate with LMNA as LMNA seeks permits and approvals for construction of the museum, including approval of amendments to the City's zoning ordinances. Ex. A at ¶ 12.

32. The museum will be a new structure on land dedicated to the public trust.

33. The purpose of the trust as previously declared by the Supreme Court of Illinois is to ensure that the property recovered from Lake Michigan is preserved as a natural resource and as improved physical environment and to ensure that the public has access to navigation, fishing and commerce on Lake Michigan.

34. The proposed plan for the museum—and in particular the construction of a new building on such trust property—will require conveyance of trust property in some manner to the LMNA or a related private organization or individual with an ownership interest in the LMNA.

35. The local governmental defendants have begun the planning for the new construction.

36. An artist's rendering of the proposed LMNA is attached as Exhibit B.

37. The LMNA structure being proposed will fail to preserve the trust property as a natural resource and as a clear and open space ensuring unrestricted access to Lake Michigan.

### Irreparable Injury and Inadequate Remedy at Law

38. By the actions set forth above, Defendants will interfere with and impair right of Plaintiffs and other Illinois citizens to use and enjoy property held in trust by the State of Illinois as a natural resource and pristine physical environment and as a free and open space for access to and use and enjoyment of navigation, fishing, boating, and commerce on Lake Michigan.

39. By the same actions set forth above—including the failure of Defendants to preserve the trust property for their use and enjoyment as a natural resource and physical environment and by authorizing the construction of an edifice and transfer of control that will interfere with their unrestricted access to and right to engage in navigation, fishing, boating, commerce and other activities on Lake Michigan, and by otherwise changing the character of the property as a trust held equally in commons in their behalf and not for the benefit of any private organization—Plaintiffs and other Illinois citizens will suffer an irreparable injury to their beneficial interest in the property held in trust for them by the State of Illinois.

40. There is no adequate remedy at law for the impairment of the beneficial interest in such property held equally by Plaintiffs and other Illinois citizens from the actions set forth above.

41. As beneficiaries of a trust Plaintiffs have standing to enjoin a breach of trust before it occurs.

7

## Count I
## Violation of Due Process

42. By acting to build or approve the building of the LMNA without the prior authorization of the General Assembly, and purporting to convey any interest in or control of such property to or on behalf of the LMNA or any other private organization or individual, Defendants the City and Chicago Park District will take or deprive or otherwise diminish the beneficial interest of the Plaintiffs and other citizens in the use of the trust property, in violation of the rights of Plaintiffs and other Illinois citizens under the Due Process Clause of the Fourteenth Amendment.

43. Accordingly, pursuant to 42 U.S.C. § 1983, Plaintiffs seek to bar Defendants from building or approving the building of the LMNA and from conveying any interest in or control of the trust property to the LMNA where the defendants have not obtained the prior authorization of the General Assembly and have otherwise acted in violation of the rights plaintiffs and other Illinois citizens of their rights as holders of a beneficial interest protected under the Due Process Clause of the Fourteenth Amendment.

44. In addition, pursuant to 42 U.S.C. § 1983, Plaintiffs seek to bar the Defendants from any action that takes or diminishes the value of the beneficial interest of plaintiffs and other Illinois citizens in such trust property by any new building or construction or transfer of control that fails to preserve the trust property either as a natural resource for their equal use and enjoyment or as a free and open space accessible for use and enjoyment of activities on Lake Michigan, and any other action that likewise violates their rights as holders of such a beneficial interest protected under the Due Process Clause of the Fourteenth Amendment.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Enjoin the conveyance by Defendants of any right or interest in or transfer of control of the public trust lands as shown in the map above to the LMNA or any related organization or individual;

B. Enjoin Defendants from approving or allowing the construction of the LMNA on the public trust lands shown in the map above;

C. Award Plaintiffs their fees and costs; and

D. Award any other just and equitable relief that the Court deems appropriate.

## Count II
## Violation of Equal Protection

45. By the acts set forth above, Defendants have created or will create a new right or rights in the use of such trust property for the benefit of the LMNA and any other private organization or individual to which LMNA is accountable and not for the equal and undivided beneficial interest of the plaintiffs and other Illinois citizens.

46. Such arbitrary and ad hoc classification of a special right in or control of trust property serves no legitimate trust purpose.

47. Pursuant to 42 U.S.C. § 1983, Defendants have unlawfully created or will create an arbitrary and ad hoc classification that has no rational relationship to a legitimate trust purpose and both destroys the legal character of the trust property as property held in commons and impairs the enjoyment and use of such trust property on an equal basis by Plaintiffs and other citizens, in violation of the Equal Protection Clause of the Fourteenth Amendment.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Enjoin the conveyance by Defendants of any special property right or special interest in or control of the public trust lands as shown in the map above to the LMNA or any related private organization or individual;

9

B. Enjoin Defendants from approving or allowing the construction of the LMNA on the public trust lands shown in the map;

C. Award Plaintiffs their fees and costs; and

D. Award any other just and equitable relief that the Court deems appropriate.

## Count III
## Ultra Vires Action

48. As set forth above Defendants have acted without any authority or approval of the General Assembly of the State of Illinois.

49. Where property has been recovered from the waters of Lake Michigan and is subject to the public trust doctrine, Defendants have no authority to dispose of any trust property without authorization by the General Assembly of the State of Illinois.

50. Any title held by Defendants in trust property is held subject to the authority of the State of Illinois to hold the property in trust for all the citizens of the State of Illinois.

51. Therefore, any conveyance or purported conveyance of any interest in or transfer of control of such property to the LMNA or to any private organization or individual is an *ultra vires* act by the Defendants.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Enjoin the conveyance by Defendants of any property rights or interest in or transfer of control of the public trust lands shown in the map above to the LMNA or any related private organization or individual;

B. Enjoin the Defendants from approving or allowing the construction of the LMNA on any of the trust lands shown in the map above;

C. Award Plaintiffs their fees and costs; and

D. Award any other just and equitable relief that the Court deems appropriate.

## Count IV
## Violation of Public Trust Doctrine

52.  By the acts set forth above, and even if it were to be assumed that the Defendants have the authority to act in this matter (and they do not), Defendants have also engaged in a breach of trust to Plaintiffs and other members of the public with respect to the property which is to be held in trust for them.

53.  By the acts set forth above, and by the proposed construction of the museum and by any transfer of control of the trust property to the LMNA, Defendants will interfere with the right of Plaintiffs and other Illinois citizens to use and enjoy the trust property as a natural resource and pristine physical environment, and impair the value of the trust property for such purpose.

54.  Furthermore, by the acts set forth above, and the proposed construction of the LMNA, and based on current drawings for a giant new structure on Lake Michigan as set out in Exhibit B, Defendants will interfere with the right of Plaintiffs and other Illinois citizens to use and enjoy such property as a free and open space with access to navigation, boating, fishing, commerce and other activities on Lake Michigan, and impair the value of the trust property for such purpose.

55.  As beneficiaries of the trust, Plaintiffs have standing to enforce the trust and prevent the dissipation and waste of trust assets or actions that impair the value of the trust property to them or interfere with their use and enjoyment of the trust property as property held in commons in their behalf.

56.  Furthermore, Plaintiffs are entitled to an injunction against breaches of the trust before such breaches occur.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Enjoin the conveyance by Defendants of any property rights or interest in or transfer of control of the public trust lands shown in the map above to the LMNA or any related private organization or individual;

B. Enjoin Defendants from approving or allowing the building of the LMNA on the public trust lands shown in the map;

C. Award Plaintiffs their fees and costs; and

D. Award any other just and equitable relief that the Court deems appropriate.

Dated:                                                     By:_____
                                                                One of Plaintiffs' Attorneys

Thomas H. Geoghegan
Michael P. Persoon
Sean Morales-Doyle
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511