UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| FRIENDS OF THE PARKS, *et al.*, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 14-cv-9096 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| CHICAGO PARK DISTRICT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs brought this action, seeking to bar or enjoin Defendants from approving or otherwise proceeding with the construction of a museum on land that is adjacent to Lake Michigan. Defendant City of Chicago has filed a Motion to Stay Discovery [45], pending finalization of a lease agreement. Defendant Chicago Park District filed a Motion to Join [47] Defendant Chicago's motion. Defendant Park District's Motion to Join [47] is granted. Defendant Chicago's Motion to Stay Discovery [45] is granted in part and denied in part.

## BACKGROUND

In May 2014, a task force appointed by Chicago Mayor Rahm Emanuel issued a report recommending the parking lots south of Soldier Field as the site for constructing a museum, to be known as the Lucas Museum of Narrative Art. The proposed area for the Lucas Museum is located within Burnham Park and consists entirely of land recovered from the navigable waters of Lake Michigan, most of it during the 1920s. Under the Memorandum of Understanding executed on September 8, 2014 ("MOU"), the LMNA "will have the exclusive right to occupy, use, maintain, manage and control the Museum Building and the Museum Site." (Id. Ex. A at

¶ 10.) The MOU does not specify whether the Museum will be owned by the LMNA, the City or the Park District. (Id. ¶¶ 28–29.)

On November 13, 2014, Plaintiffs filed a four-count Complaint, asserting federal claims under § 1983 for violation of due process and equal protection and state law claims that Defendants acted ultra vires and in violation of the public trust. Defendants' motions to dismiss the Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), were denied in part and granted in part on March 12, 2015. Defendant Chicago filed the present Motion to Stay Discovery on June 19, 2015.

## LEGAL STANDARD

A district court has broad discretion over pretrial discovery rulings. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014). A court may, "for good cause," limit the scope of discovery to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). "Before restricting discovery, the court should consider the totality of the circumstances, weighing the value of the material sought against the burden of providing it and taking into account society's interest in furthering the truthseeking function in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotations omitted).

## ANALYSIS

Under Federal Rule of Civil Procedure 26,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

>Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).

Defendants argue Plaintiffs are seeking discovery on issues that are irrelevant and will soon be mooted. Defendants argue that the MOU is a preliminary and non-binding document that will soon be supplanted by a finalized ground lease agreement within sixty to ninety days. When completed, this ground lease agreement will be the controlling document and define the relationship between Defendants in regards to the proposed museum. But, "[r]elevancy for discovery is flexible and has a broader meaning than admissibility at trial." *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 366 (N.D. Ill. 2001) (citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 903 (7th Cir. 1981)). While the MOU may not be the finalized agreement, it is the currently effective agreement and, presumably, forms the basis of what the finalized ground lease agreement will be. The MOU itself requires that any operating agreement is consistent with the MOU. Further, as the proposed site is held in trust for the people of Illinois, the public's interest in furthering the truth-seeking function in the particular case is high. Defendants also argue the burden or expense of the proposed discovery outweighs its benefits, and therefore must be stayed. *See* Fed.R.Civ.P. 26(b)(2)(iii). However, Defendants do not say what the burdens or expenses are, or how they outweigh the benefits of discovery related to the MOU.

Plaintiffs do agree to a stay of discovery regarding ongoing negotiations of the finalized lease agreement. As Defendants argue, the ground lease agreement is currently being negotiated and finalized. Deposing witnesses to the agreement before it is finalized and requesting documents as they are created would be unduly burdensome and wasteful. Discovery into the lease agreement is premature.

## CONCLUSION

For the reasons discussed above, Defendants' Motion to Stay Discovery [45] is granted in part and denied in part. Discovery is stayed only as it is directed to the anticipated lease agreement. Defendants' Motion to Stay is otherwise denied.

Date: _____July 6, 2015_____  /s/ _____
JOHN W. DARRAH
United States District Court Judge